**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR ROBLEDO-GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-73335<br><br>Agency No. A071-918-465<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Immigration Judge

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Victor Robledo-Gutierrez, a native and citizen on Mexico, petitions for
review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)
that he did not have a reasonable fear of persecution or torture in Mexico and thus
is not entitled to relief from his reinstated removal order. We have jurisdiction
under 8 U.S.C. § 1252. We review de novo questions of law. *Cerezo v. Mukasey*,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

512 F.3d 1163, 1166 (9th Cir. 2008).  We grant the petition for review, and we remand.

The IJ found that Robledo-Gutierrez did not have a reasonable fear of persecution or torture.  However, the IJ erred in stating he was bound by the "four corners" of the asylum officer's decision and by not considering the merits of Robledo-Gutierrez's claim that he fears persecution and torture in Mexico because he is the parent of a handicapped child.  *See Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018) (explaining that an IJ applies de novo review during a reasonable fear hearing, which "means that the IJ does not defer to the asylum officer's ruling but freely considers the matter anew, as if no decision had been rendered below." (citation and internal quotation marks omitted)); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner.").  Thus, we grant the petition for review and remand to the IJ for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The motion for a stay of removal (Docket Entry Nos. 1 and 6) is granted.  Robledo-Gutierrez's removal is stayed pending a decision by the IJ.

**PETITION FOR REVIEW GRANTED.**